UNITED STATES of America,
Plaintiff–Appellee,

v.

Joel SEMINOLE, Defendant–Appellant.

No. 88–3224.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 4, 1989.

Decided Aug. 15, 1989.

Vernon E. Woodward, Billings, Mont., for defendant-appellant.

Klaus P. Richter, Asst. U.S. Atty., Billings, Mont., for plaintiff-appellee.

Before ALARCON and THOMPSON, Circuit Judges, and TASHIMA, District Judge.*

DAVID R. THOMPSON, Circuit Judge:

Joel Seminole appeals the sentence imposed for his conviction under 18 U.S.C. § 922(g)(1) (felon in possession of a firearm). We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). We remand for further proceedings.

## FACTS

Seminole pleaded guilty to one count of violating 18 U.S.C. § 922(g)(1). The date of the offense was December 22, 1987. At the sentencing hearing, the district court heard Seminole's objections to the sentencing report. Seminole also objected to any imposition of a sentence under the Sentencing Guidelines which had been ruled unconstitutional in *Gubiensio–Ortiz v. Kanahele*, 857 F.2d 1245 (9th Cir.1988) (hereinafter *Gubiensio I*), *vacated sub nom. United States v. Chavez-Sanchez*, — U.S. ——, 109 S.Ct. 859, 102 L.Ed.2d 984 (1989). *But see Gubiensio–Ortiz v. Kanahele*, 871 F.2d 104 (9th Cir.1989) (per curiam) (hereinafter *Gubiensio II*) (overruling *Gubiensio I*).

Applying pre-Guideline rules for sentencing, the district court sentenced Seminole to five years of imprisonment. The court also ordered him to pay a special assessment of $50.00 and restitution of $351.00. Finally, the district court fined him $5,000. The court also entered an alternate judgment under the Sentencing Guidelines with identical terms. Seminole only appeals the imposition of the fine and the entry of the alternate judgment.

The district court explained the reasons for the sentence as follows:

Now, insofar as the fine is concerned, it seems to me that the amount of paper that we've received from the defense counsel in this case warrants the Court in looking toward the fine as an appropriate sentence here.... I think that Mr. Seminole ought to have the opportunity to repay the taxpayers for the cost of his attorney in this case in the future after he's released, and the fine will give him that opportunity to make that contribution. The fine seems to the Court to be most appropriate under all the circumstances of the case.

Seminole objected to the sentence because: (1) he lacked the ability to pay the fine, and (2) imposition of a fine based on the amount of papers filed by his attorney was unfair.

## ANALYSIS

A. *Sentencing Guidelines Issues*

Relying on the authority of *Gubiensio I*, Seminole argues that the district

* Hon. A. Wallace Tashima, United States District Court Judge for the Central District of California, sitting by designation.

court's alternate judgment under the Sentencing Guidelines is void because the Guidelines are unconstitutional. This argument lacks merit. *Gubiensio I* has been overruled. *Gubiensio II,* 871 F.2d at 104. The Supreme Court has held that the Guidelines are constitutional. *Mistretta v. United States,* — U.S. —, 109 S.Ct. 647, 675, 102 L.Ed.2d 714 (1989).

■ However, the Guidelines specifically require the district court to consider "the ability of the defendant to pay the fine (including the ability to pay over a period of time) in light of his earning capacity and financial resources." United States Sentencing Commission, Guidelines Manual § 5E4.2(d)(2) (1988) (hereinafter Guidelines Manual). In the present case, the parties conceded at oral argument that Seminole was indigent at the time his sentence was imposed. The record does not establish whether Seminole has the earning capacity to pay a fine after he is released from prison. Accordingly, imposition of the fine violated the Guidelines.

On remand, the district court should determine whether Seminole has the ability to pay any fine which might be imposed. Because Seminole is currently indigent, the district court may only impose a fine if it decides Seminole has sufficient earning capacity to pay the fine following his release from prison. Guidelines Manual § 5E4.2(d)(2).

### B. *Right to Counsel Issues*

Seminole also argues that the $5,000 fine violated his fifth amendment right to due process and his sixth amendment right to counsel. According to Seminole, the district court imposed the fine in order to punish Seminole for "the amount of paperwork" generated by his defense lawyer. He contends that such a fine impermissibly burdens the exercise of his constitutional right to counsel.

The district court's rationale for the "fine" is unclear. Seminole interprets the court's comments as indicating that the court imposed the fine to punish him for the zealous advocacy of his lawyer. The government suggests that the court merely

intended that Seminole reimburse the government for the fees paid to Seminole's court appointed counsel. We need not decide which party's interpretation is correct because both interpretations require reversal.

■ If the fine was imposed on Seminole as punishment for his attorney's zealous advocacy, the fine would clearly be invalid. A criminal defendant cannot be punished merely because he or she chose to exercise his or her constitutional rights. *See United States v. Jackson,* 390 U.S. 570, 581, 88 S.Ct. 1209, 1216, 20 L.Ed.2d 138 (1968) (right to jury trial); *United States v. Safirstein,* 827 F.2d 1380, 1388 (9th Cir. 1987) ("a sentencing judge cannot penalize the exercise of a defendant's privilege against self-incrimination by enhancing his sentence based upon the defendant's failure to cooperate by ... admitting guilt to crimes with which he is not charged").

■ If the "fine" was actually an order for reimbursement of fees paid to Seminole's court appointed counsel, the district court erred by not making the requisite finding that "funds are available for payment" of the fees. 18 U.S.C. § 3006A(f) (1982); *see also United States v. Jimenez,* 600 F.2d 1172, 1174 (5th Cir.) (section 3006A(f) requires a finding that the defendant is currently able to repay fees), *cert. denied,* 444 U.S. 903, 100 S.Ct. 216, 62 L.Ed.2d 140 (1979). The government's arguments to the contrary are unpersuasive.

As its main argument, the government contends that the $5,000 fine was well within the district court's discretion. The government primarily relies on decisions according broad discretion to district courts imposing fines or ordering defendants to pay restitution under the Victim and Witness Protection Act of 1982. Those decisions are distinguishable because they do not involve the recoupment of attorney fees. The recoupment of such fees is controlled by 18 U.S.C. § 3006A(f) which requires the district court to make appropriate findings. *See Jimenez,* 600 F.2d at 1174.

The government also argues that section 3006A(f) does not require a finding that the defendant has the ability to pay the fees so long as there are procedural safeguards to assure that an indigent defendant would not be forced to pay. The only case cited by the government which arguably supports its position is *United States v. Gurtunca*, 836 F.2d 283, 288–89 (7th Cir.1987). However, *Gurtunca* is inapposite.

In *Gurtunca*, the Seventh Circuit rejected the government's assertion that "no hearing or finding" on Gurtunca's ability to pay the fees was necessary. *Id.* at 288. The court held that: "Section 3006A(f) specifically delineates when reimbursement is appropriate." *Id.* at 288. The Seventh Circuit affirmed the reimbursement order even though the district court did not "make a finding regarding whether Gurtunca had available funds" because Gurtunca had waived the issue. The court explained that:

> Gurtunca is in no position to complain about the lack of a hearing or finding. Gurtunca's presentence report, which the sentencing judge read, contained sufficient information to support a finding that Gurtunca had available funds. Although he could have, Gurtunca did not dispute the information's accuracy or in any way attempt to qualify the information. Likewise, Gurtunca did not object to the reimbursement order or request an express finding (despite ample opportunity). Finally, Gurtunca did not assert in the district court or on appeal that he is unable to pay the fees.

*Id.* *Gurtunca* is distinguishable. In the present case, Seminole has consistently objected to the fine and protested that he is indigent. Moreover, the presentence report confirmed that Seminole was indigent and recommended against the imposition of a fine.

We conclude that the "fine" was improperly imposed even if we construe it as a reimbursement order because the district court failed to find that Seminole has the current ability to repay the government for his attorney fees.

## CONCLUSION

We vacate the $5,000 fine. The district court should only reimpose the fine if it determines that Seminole has the "ability ... to pay the fine (including the ability to pay the fine over a period of time) in light of his earning capacity and financial resources." Guidelines Manual § 5E4.2(d)(2). The court may order reimbursement for fees paid to Seminole's attorney only if it finds that Seminole has the present ability to pay the fees.

REMANDED for sentencing according to the Sentencing Guidelines.