961 F.2d 217
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Bonifacio HERNANDEZ-TERRONES, Defendant-Appellant.
 No. 91-50315.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 6, 1992.*
Decided April 24, 1992.
 
 Before CANBY, REINHARDT and WIGGINS, Circuit Judges
 MEMORANDUM**
 Defendant/Appellant, Bonifacio Hernandez-Terrones, was convicted of harboring illegal aliens in violation of 8 U.S.C. § 1324(a)(1)(C) (1988). Hernandez-Terrones appeals only that part of his sentence wherein the district court ordered him to reimburse the government for the fees and costs of his appointed counsel. Hernandez-Terrones filed a timely notice of appeal on May 27, 1991, and we have jurisdiction pursuant to 28 U.S.C. § 1291 (1988).
 The government concedes that the district court erred in ordering Hernandez-Terrones to reimburse the government without first making a finding that he has the ability to do so. See United States v. Seminole, 882 F.2d 441, 443-44 (9th Cir.1989). Therefore, we vacate the district court's reimbursement order and remand for resentencing on the reimbursement issue.[1]
 VACATED in part and REMANDED.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Counsel for Hernandez-Terrones filed a late brief and has been ordered by this court to show cause why sanctions should not be imposed. After reviewing counsel's response to our order to show cause, we find that sanctions are not necessary in this case. However, we admonish counsel to be more responsible in planning for and observing filing deadlines. Similar mistakes or inadvertence in the future may require sanctions. See In re Hill, 775 F.2d 1385 (9th Cir.1985) (late filing of brief may justify sanctions other than dismissal); Jones v. Hamelman, 869 F.2d 1023, 1032 (7th Cir.1989) (noncompliance with briefing schedule is a serious matter)