9 F.3d 1554
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jose DE LA JARA, aka Jose Alberto Fernandez, Defendant-Appellant.
 Nos. 93-50157, 93-50159.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 6, 1993.*
Decided Oct. 22, 1993.
 
 Before: BEEZER, KOZINSKI and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jose De La Jara appeals his sentence under the United States Sentencing Guidelines. De La Jara pled guilty to mail fraud in violation of 18 U.S.C. § 1341, and aiding and abetting currency structuring, in violation of 31 U.S.C. § 5324 and 18 U.S.C. § 2. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the district court's findings of fact for clear error. 18 U.S.C. § 3742(e); United States v. Howard, 894 F.2d 1085, 1087 (9th Cir.1990), and we affirm.
 
 
 3
 De La Jara contends that the district court erred in imposing a fine of $200,000 because there is no evidence in the record demonstrating his ability to pay. We disagree. If a defendant demonstrates unequivocally that he is indigent, the district court is required to determine whether defendant has the ability to pay any fine that might be imposed, United States v. Quan-Guerra, 929 F.2d 1425, 1427 (9th Cir.1991), or that defendant has sufficient earning capacity to pay the fine following his release from prison. United States v. Seminole, 882 F.2d 441, 443 (9th Cir.1989). It is the defendant's burden at the outset to prove that he is unable to pay a fine. See U.S.S.G. § 5E1.2(f); United States v. Rafferty, 911 F.2d 227, 232 (9th Cir.1990). Here, De La Jara failed to meet this burden.
 
 
 4
 The record shows that De La Jara produced an affidavit of indigency which contained at least one false statement. In his affidavit, De La Jara stated that there were no civil actions pending against him. However, there was in fact a civil suit in state court pending against him to recover over $8.3 million defrauded from investors. Moreover, in the uncontroverted presentence report, the probation officer states that the receiver in the civil action is unable to account for over $5 million of the assets he apparently accumulated though the fraudulent investment scheme at issue. Additionally, De La Jara is the owner of Picaref Incorporated in Lima, Peru. The record shows that between 1978 and 1987, this company and its subsidiaries grossed $30 million per year and paid him an annual salary of at least $100,000. Accordingly, the district court could have found that the poverty affidavit was not credible, and in light of the unchallenged presentence report, there is evidence to support a conclusion that De La Jara has either hidden assets or the earning capacity to pay the fine following his release from prison.
 
 
 5
 Because De La Jara failed to meet his burden of proving that he is unable to pay the fine imposed, and because the district court's findings are not erroneous, we affirm.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3