12 F.3d 1110
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jed SORENSON, Defendant-Appellant.
 No. 93-50262.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 17, 1993.*
Decided Dec. 1, 1993.
 
 Before: SCHROEDER, D.W. NELSON and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jed Sorenson appeals from his 37-month sentence imposed following his guilty pleas to possession of a firearm without a serial number in violation of 26 U.S.C. Secs. 5861(i), 5872, and possession of a machine gun in violation of 18 U.S.C. Sec. 922(o), 924(d). Sorenson contends the district court erred by (1) determining that it lacked the authority to depart downward based upon aberrant behavior and (2) imposing a punitive fine of $7,500 and a fine of $4,150 for costs of supervision. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 A district court's discretionary refusal to depart downward is not reviewable on appeal unless that decision was the result of a legal conclusion that the Guidelines preclude departure. United States v. Belden, 957 F.2d 671, 676 (9th Cir.), cert. denied, 113 S.Ct. 234 (1992).
 
 
 4
 We review for clear error the district court's determination regarding a defendant's ability to pay a fine. United States v. Favorito, No. 92-50465, slip op. 10881, 10883 (9th Cir. Sept. 28, 1993). The Guidelines require the defendant to prove that he is unable to pay a fine. Id. "The court may impose a fine upon even an indigent defendant if it finds that the defendant 'has sufficient earning capacity to pay the fine following his release from prison.' " Id. (quoting United States v. Seminole, 882 F.2d 441, 443 (9th Cir.1989)).
 
 
 5
 Here, the presentence report (PSR) recommended that the district court not grant Sorenson a downward departure based upon aberrant behavior because "he not only possessed illegal firearms, but also manufactured and sold illegal weapons on multiple occasions." The PSR further recommended the imposition of a fine based upon Sorenson's vast vocational skills indicating potential for lucrative employment.[1] According to the PSR, Sorenson's net worth is $1,500 and has a net monthly cashflow of $700.00.
 
 
 6
 At sentencing, following the parties' legal arguments, the district court made the following rulings:
 
 
 7
 I think it is clear that this is not a case for departure. The departure provisions that are authorized by law or by decisions for aberrant behavior are quite different from this [case]....
 
 
 8
 ....
 
 
 9
 ... This situation does not pan out as an aberrant kind of situation....
 
 
 10
 ....
 
 
 11
 The definition of the appropriateness of a fine is not simply the present ability of the defendant to pay, but the court is obliged to take into account the future likelihood of his ability to pay. And it's not just speculation.... It needs to be certainly something more than that, but that's present here.
 
 
 12
 The court is of the view that it is evident that he will have the income to make the payments.
 
 
 13
 No indication exists in the record that the court's refusal to depart downward was anything but discretionary. We therefore can not review the court's discretionary refusal not to depart. See Belden, 957 F.2d at 676. Because ample evidence in the record supports a determination of Sorenson's ability to pay, see Favorito, slip op. at 10884, his fine was proper.
 
 
 14
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Sorenson admits he has held at least ten jobs over the past ten years