19 F.3d 32
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Yat Wah YUK, aka: Jonathan Yok, Eric Yuk, Eric Wah, Andrew
Shiau, Yat Wah, Yat Yuk Shau, Defendant-Appellant.
 No. 93-50542.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 24, 1994.*
Decided March 3, 1994.
 
 Before: SCHROEDER, CANBY, and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Yat Wah Yuk appeals the $4000 fine imposed upon him in connection with his guilty plea for two counts of being a felon in possession of a firearm in violation of 18 U.S.C. Secs. 922(g)(1), 924(d)(1). Yuk contends the district court erred by imposing the fine despite his inability to pay. We have jurisdiction under 28 U.S.C. Sec. 1291, and we vacate and remand.
 
 
 3
 We review for clear error a district court's determination that a defendant has the ability to pay a fine. United States v. Favorito, 5 F.3d 1338, 1339 (9th Cir.1993), petition for cert. filed, (U.S. Dec. 27, 1993) (No. 93-7315).
 
 
 4
 The defendant bears the burden of proving inability to pay. Id. The district court may impose a fine upon an indigent defendant if it finds that the defendant " 'has sufficient earning capacity to pay the fine following his release from prison.' " Id. (quoting United States v. Seminole, 882 F.2d 441, 443 (9th Cir.1989)).
 
 
 5
 Here, Yuk's signed financial statement indicated that he has no assets with no future prospects of any, no income, and zero net worth. In a letter to the district court, however, the probation officer recommended that a fine be imposed because Yuk "received monetary profit from his illicit conduct" and "appears to possess employment potential." Upon addressing the court at sentencing, Yuk stated that he plans to go to work as a salesman, a car salesman, or for his aunt's company when he is released from prison. Yuk has prior work experience dating back to 1966 and maintained almost continuance employment prior to his arrest.
 
 
 6
 The record indicates that the district court did not clearly err by finding that Yuk had the future ability to pay a fine. See id. Yuk has failed to meet his burden of proving inability to pay. See id.
 
 
 7
 We note, however, that both parties erroneously informed the district court that the fine range was $4000 to $40,000. Because the district court granted Yuk a two-level adjustment for acceptance of responsibility, his adjusted offense level was 13 with a fine range of $3000 to $30,000. See U.S.S.G. Sec. 5E1.2(c)(3). Accordingly, we vacate the fine portion of the sentence and remand for the district court to recompute the fine. See, e.g., United States v. Soyland, 3 F.3d 1312, 1315 (9th Cir.1993) (where change in offense level causes defendant to be at a lower point in the fine table, fine should be recomputed).
 
 
 8
 VACATED and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3