**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Donald John LORENZINI,**
**Defendant–Appellant.**

**No. 94–30409.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 12, 1995.

Decided Dec. 13, 1995.

---

Michael R. Levine, Assistant Federal Public Defender, Portland, Oregon, for defendant-appellant.

Robert B. Ross, Assistant United States Attorney, Portland, Oregon, for plaintiff-appellee.

Before: SCHROEDER, REINHARDT, and FERNANDEZ, Circuit Judges.

Opinion by Judge REINHARDT; Partial Concurrence and Partial Dissent by Judge FERNANDEZ.

## OPINION

REINHARDT, Circuit Judge:

Mr. Lorenzini, the defendant in this case, pleaded guilty to one count of bank fraud, 18 U.S.C. § 1344(2) and was sentenced to five years probation with the following conditions: (1) he serve six months home confinement; (2) he acknowledge responsibility for and pay $25,000 of restitution at $600 per month; and, (3) he repay the government his court-appointed attorney's fees in the amount of $4,000 within one year. Lorenzini has raised a number of issues on appeal. The principal

one is whether making repayment of court-appointed attorney's fees a condition of probation violates 18 U.S.C. § 3563(b).

We recently held that the district court may not make repayment of court-appointed attorney's fees a condition of supervised release. *United States v. Eyler*, 67 F.3d 1386, 1393–94 (9th Cir.1995). For the reasons stated below, we now hold that it is improper to order repayment of court-appointed attorney's fees as a condition of probation.

## BACKGROUND

Lorenzini was a used car dealer in Portland, Oregon. He and his five named co-defendants were indicted for running a scheme to defraud banks into lending money to unqualified car purchasers. The scheme involved misrepresenting customers' financial status. In order to obtain loans for customers and thereby increase sales, Lorenzini and his co-defendants inflated their customers' income and assets, failed to report all their liabilities, and failed to inform the banks when customer down payments were paid on credit or deferred.

A grand jury indicted Lorenzini on one count of conspiracy 18 U.S.C. § 371 and two counts of bank fraud 18 U.S.C. § 1344(2). (Counts 1, 8, and 9 in the 16–count Superseding Indictment). Thereafter, he entered into a plea agreement with the government. He pleaded guilty to Count 9; in return the government agreed to move to dismiss the other two charges.

Count 9 alleged that on November 25, 1988, Lorenzini knowingly executed a scheme to defraud Seafirst Bank by means of false representations. More specifically, it alleged that in a transaction involving the sale of one car, Lorenzini "filled out and signed [a] buyers' order" that failed to reveal that part of the down payment was borrowed from a credit institution in a loan arranged by the dealership and that part of the loan was deferred. Further, the buyer's order falsely reported customers' income. The Presentence Report assessed the loss to the bank associated with Count 9 to be $4,725.61.

In the plea agreement, the government agreed to recommend that the district court sentence Lorenzini to six months home confinement with work release and order restitution and/or fines in the amount of $2,500.[1] In arriving at Lorenzini's offense level of ten, the plea agreement stated that: "The amount of losses for overt acts listed in the indictment in which Mr. Lorenzini is named, and therefore the amount of relevant conduct urged by the government, is between $20,-000–$40,000." This amount includes conduct for which Lorenzini was charged but not convicted. In the next paragraph of the plea agreement the government agreed to recommend that the court order Lorenzini to pay only $2,500 in restitution and/or fines.

At sentencing, the district court imposed a more onerous sentence than that to which Lorenzini and the government had agreed. Before doing so, the district court gave Lorenzini the opportunity to withdraw his guilty plea. The court stated that if he chose to stand on his guilty plea, he would be sentenced to five years probation with the following conditions: (1) he serve six months home confinement; (2) he acknowledge responsibility for and pay $25,000 in restitution at $600 per month; and, (3) he repay the government his court-appointed attorney's fees in the amount of $4,000 within one year.[2] Although Lorenzini objected to the restitution order, he did not withdraw his plea. He was sentenced to five years probation with these conditions.

## DISCUSSION

### I. Repayment of Attorney's Fees as a Condition of Probation

■ In addition to ordering Lorenzini to serve six months home detention and pay

---

1. In recommending home confinement the government identified the following reasons for leniency: (1) Lorenzini was not the organizer of the conspiracy; (2) Lorenzini left the dealership a few months after the fraudulent activity began; and (3) Lorenzini had legitimate health problems.

2. The confinement portion of the agreement was pursuant to Federal Rule of Criminal Procedure 11(e)(1)(C), which gives the defendant an option

of withdrawing his plea if the court orders a more severe sentence than the agreement details. The restitution recommendation portion of the plea agreement was pursuant to Fed.Rule of Criminal Procedure 11(e)(1)(B), which does not permit the defendant to withdraw his plea even if the court departs from the recommended sentence. *See* Fed.R.Crim.P. 11(e)(1)(A), 11(e)(1)(B), and 11(e)(2).

restitution of $25,000, the district court sentenced him to five years of probation. The court conditioned Lorenzini's probation upon his repaying the government for the Criminal Justice Act (CJA)[3] funds expended for his defense. Lorenzini challenges the authority of the district court to impose repayment of CJA funds as a condition of his probation.

District courts are permitted by statute to order recoupment of CJA funds upon a finding of availability.[4] The question before us, therefore, is not whether a judge may order a convicted defendant to repay the amount of his court-appointed attorney's fees, but whether such repayment may be made a condition of his probation. While other circuits have split on this question, this is the first time that we have been asked to consider it.[5]

The statute governing probation, 18 U.S.C. § 3563, sets forth certain mandatory conditions of probation and allows for the imposition of discretionary conditions as long as they are reasonably related to the purposes of sentencing in 18 U.S.C. § 3553(a)(1) & (2). The United States Sentencing Guidelines contains 25 enumerated recommended conditions of probation, U.S.S.G. § 5B1.4, and recognizes the court's authority under 18 U.S.C. § 3563(b) to impose additional discretionary conditions. Reimbursement of attorney's fees is not among the mandatory conditions listed in 18 U.S.C. § 3563(a), nor is it one of the twenty-five recommended conditions of probation in U.S.S.G. § 5B1.4.

Discretionary conditions of probation must serve one of the following purposes or objectives: (A) "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;" (B) "to afford adequate deterrence to criminal conduct;" (C) "to protect the public from further crimes of the defendant;" and (D) "to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2) (referenced by 18 U.S.C. § 3563(b)). A discretionary condition must be reasonably related to one or more of these goals and must involve only such deprivations of liberty or property as are reasonably necessary to accomplish the purposes of sentencing. 18 U.S.C. § 3563(b). If a condition of probation does not meet these requirements, it is invalid.[6]

We recently held that the imposition of payment of attorney's fees is not a valid condition of supervised release. *United States v. Eyler*, 67 F.3d at 1393–94. The statute governing supervised release is simi-

---

**3.** 18 U.S.C. § 3006A.

**4.** Title 18 U.S.C. § 3006A(f) reads in pertinent part:

> Whenever ... the court finds that funds are available for payment from or on behalf of a person furnished representation, it may authorize or direct that such funds be paid to the appointed attorney, to the bar association or legal aid agency or community defender organization which provided the appointed attorney....

**5.** Both the First Circuit and the Seventh Circuit have found the repayment of CJA funds to be a valid condition of probation. The First Circuit reasoned that such a condition "might be thought to bear a reasonable relationship to the treatment of the accused and the protection of the public." *United States v. Santarpio*, 560 F.2d 448, 455 (1st Cir.) (internal quotation marks omitted), *cert. denied*, 434 U.S. 984, 98 S.Ct. 609, 54 L.Ed.2d 478 (1977). Similarly, the Seventh Circuit reasoned that the statute gave "the sentencing judge an exceptional degree of flexibility in determining probation conditions," and thus authorized district court orders for counsel fee reimbursement as a probation condition. *See United States v. Gurtunca*, 836 F.2d 283, 287 (7th Cir.1987); *United States v. Allen*, 596 F.2d 227, 232 & n. 6 (7th Cir.), *cert. denied*, 444 U.S. 871, 100 S.Ct. 149, 62 L.Ed.2d 97 (1979). In contrast, the Fifth Circuit has held that reimbursement of court-appointed counsel fees is not permitted as a condition of probation pursuant to 18 U.S.C. § 3651, because it is not among the conditions explicitly set forth in the probation statute. *United States v. Turner*, 628 F.2d 461, 467 (5th Cir.1980), *cert. denied sub nom, White v. United States*, 451 U.S. 988, 101 S.Ct. 2325, 68 L.Ed.2d 847 (1981); *United States v. Jimenez*, 600 F.2d 1172, 1174 (5th Cir.), *cert. denied*, 444 U.S. 903, 100 S.Ct. 216, 62 L.Ed.2d 140 (1979).

**6.** Title 18 U.S.C. § 3563(b), which governs discretionary conditions of probation, references 18 U.S.C. § 3553, which governs the imposition of a sentence. The probation statute states that discretionary conditions must meet the objectives of sentencing set forth in 18 U.S.C. § 3553. Objectives (A), (B), (C), and (D) in the text above are enumerated at 18 U.S.C. § 3553(a)(2)(A), (B), (C) and (D).

lar to that governing probation in that it allows the sentencing judges to consider purposes (B), (C), and (D) set forth above in fashioning conditions of supervised release. 18 U.S.C. § 3583(d)(1) (referencing 18 U.S.C. § 3553(a)(2)(B), (a)(2)(C), and (a)(2)(D)). We held in *Eyler* that payment of court-appointed attorney's fees is not reasonably related to any of those three provisions. Therefore, the question before us is whether the repayment of attorney's fees is reasonably related "to the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," 18 U.S.C. § 3553(a)(2)(A), and whether it involves only such deprivation of liberty or property as is reasonably necessary to accomplish the purposes of sentencing.

We conclude that repayment of attorney's fees is not a valid condition of probation because it is not reasonably related "to the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," 18 U.S.C. § 3553(a)(2)(A). We also conclude that because the government has a number of other less drastic means by which it can enforce a court order to repay attorney's fees, conditioning probation on repayment of fees is not reasonably necessary to any legitimate sentencing objective.

Repayment of attorney's fees is not reasonably related to the purposes of subsection (A) of 18 U.S.C. § 3553(a)(2), the one part of the relevant statute that we were not required to consider in *Eyler*. The repayment of fees bears no reasonable connection to the need for a sentence "to reflect the seriousness of the offense" because the repayment is simply not punitive in nature. Requiring defendants who can do so to pay for the costs of their defense is an elementary part of the way the criminal justice system operates in this nation. The government bears the cost only when the defendant is unable to do so. The purpose of requiring repayment when it turns out that the defendant has the necessary funds available is to implement that basic principle. That the requirement is not related to the seriousness of the crime is plainly demonstrated by the facts of the case before us. It follows from what we have said that an order to repay attorney's fees is also not reasonably related to the goal of "provid[ing] just punishment" for the offense.

■ Nor does repayment of attorney's fees bear any reasonable relationship to "promot[ing] respect for the law." This is on its face a very broad purpose; if read expansively, anytime a sentencing court imposed a condition of probation it could assert that the purpose was served. However, we must read this part of the provision in the context of the rest of 18 U.S.C. § 3553(a)(2)(A). *See King v. St. Vincent's Hospital,* 502 U.S. 215, 221, 112 S.Ct. 570, 574, 116 L.Ed.2d 578 (1991). Reading the provision as a whole, it appears that Congress intended that there be some connection between the proscription to be ordered by the court and the nature of the crime or the degree of punishment. As we stated above, there is no such relationship in the case of repayment of fees. In any event, where the objective is simply to have the defendant reimburse the government for money expended when he has funds available, there is no reasonable connection with the goal of promoting respect for the law.

In addition, conditioning probation on repayment of CJA funds constitutes an unduly restrictive means by which to force the defendant to reimburse the government for the costs it has incurred. Where the court orders repayment, there are a number of ways the government can ensure that those funds are repaid. If the court imposes a valid recoupment order under § 3006A(f), the government can institute contempt proceedings against a defendant who fails to repay. It also has a variety of other collection tools at its disposal, including entry of a debt judgment for the relevant amount and imposition of a judgment lien against the defendant's property. On the other hand, if repayment of funds were a valid condition of probation, then the court would have the power to revoke probation and impose a *significant* period of incarceration—in this case five years—for a failure to repay. The imposition of so drastic a consequence, when other less onerous means are available to achieve the desired result, violates the principle that

any deprivation of liberty must be reasonably necessary to a proper sentencing objective.

We conclude that reimbursement of CJA funds is not a valid condition of probation because it has no reasonable nexus to the goals set forth in 18 U.S.C. § 3553(a)(2)(A) through (D) and because the deprivation of liberty involved is not reasonably necessary to accomplish the statutory purposes.[7] Accordingly, we vacate the order conditioning probation on repayment of CJA funds and remand for further proceedings.

## II. The District Court Failed To Make Adequate Findings With Respect to Lorenzini's Ability to Pay the Costs of His Defense.

■ Although we hold that the sentencing court may not make repayment of attorney's fees a condition of probation, a sentencing court may order the payment or partial payment of court-appointed attorney's fees if it finds that the defendant is financially able to pay. 18 U.S.C. § 3006A(c) & (f). Lorenzini argues that under 18 U.S.C. § 3006A and *United States v. Seminole*, 882 F.2d 441 (9th Cir.1989), the court may only order payment of funds if the court finds that the defendant has the present ability to pay. He further argues that the information in the presentence report and the judge's order that he pay the $4,000 over one year show that he did not have the ability to pay the amount ordered.

Title 18 U.S.C. § 3006A permits a court to order reimbursement of attorney's fees upon a finding of "availability of funds." We have held that a reimbursement order is improper if the court fails to find that the defendant has "the *current ability* to repay the government for his attorney fees." *Seminole*, 882 F.2d at 444 (emphasis added). The court in *Seminole* made it clear that "the court may order reimbursement for fees paid to [defendant's] attorney only if it finds that [the

defendant] has the present ability to pay the fees." *Id.*

■ The government contends that we should not read the language in *Seminole* literally because 18 U.S.C. § 3006A(c) allows the court to order partial payment and does not explicitly forbid repayment on a month-by-month basis. The fact that the statute allows partial payments does not justify a repayment order over time, when funds are not presently available. The court may order either complete or partial repayment, however, it may do so only if it finds that the defendant has the present ability to pay the amount ordered. Although the district court stated, "[i]n review of the presentence report and review of the assets as detailed, it's my opinion that Mr. Lorenzini has the ability to pay for the court-appointed attorney's fees," it is not clear on what basis he made the statement or whether he made the necessary finding of a *present* ability to pay. Accordingly, we vacate the $4,000 repayment order and remand for findings as to Lorenzini's present ability to pay under 18 U.S.C. § 3006A.

## III. The District Court Erred In Ordering A Restitution Amount That Exceeds The Loss Arising From The Count Of Conviction

■ Lorenzini contends that the district court erred in ordering him to pay $25,000 in restitution, even though the loss associated with the count to which he pleaded was calculated to be $4,725.61 in the presentence report and the government recommended that the court order restitution in the amount of $2,500. We agree.

The Supreme Court has held that restitution must be limited, under the Victim and Witness Protection Act, "to the loss caused by the specific conduct that is the basis of the offense of conviction." *Hughey v. United*

---

7. As we noted in *Eyler,* the Administrative Office of the United States Courts has recommended against conditioning probation upon repayment of CJA funds in its Guidelines for the Administration of the Criminal Justice Act:

> Subsection (f) of [18 U.S.C. § 3006A] does not authorize a judicial officer to require reimbursement as a condition of probation, and the

Judicial Conference believes that reimbursement of the cost of representation under the Act should not be made a condition of probation under any other authority.

Administrative Office of the United States Courts, VII *Guide to Judiciary Policies and Procedures, Appointment of Counsel in Criminal Cases,* Ch. II, § 2.22E, at 20 (1991).

*States,* 495 U.S. 411, 413, 110 S.Ct. 1979, 1986, 109 L.Ed.2d 408 (1990). The defendant in *Hughey* was indicted on six counts of unauthorized credit card use and theft and pleaded guilty to one count of unauthorized credit card use. He was nonetheless sentenced to pay restitution for all the charges underlying his indictment. The Court reversed the restitution order, holding that the purpose of the Victim and Witness Protection Act is to insure that the defendant is not penalized for acts other than those to which he pled guilty or of which he was convicted. *Id.* at 418–20, 110 S.Ct. at 1983–85; *see also United States v. McHenry,* 974 F.2d 1031, 1033 (9th Cir.1992); *United States v. Garcia,* 916 F.2d 566, 566–7 (9th Cir.1990).

■ The government does not dispute Lorenzini's characterization of the Court's holding in *Hughey.* Nor does the government dispute that the loss arising from the count of conviction was $4,725. However, the government argues that the $25,000 restitution order was proper because 1) the court may order restitution in the amount that the parties agree to and 2) that Lorenzini agreed to the amount. While the government may be correct that the court may order restitution that the parties agree to,[8] in this case Lorenzini did not agree to pay restitution in excess of $4,725.61.

■ The government argues that Lorenzini agreed to a restitution amount in excess of $20,000 in paragraph 3.a of the plea agreement. That paragraph states, "[t]he amount of losses for overt acts *listed* in the indict-ment in which Mr. Lorenzini is *named,* and therefore the amount of relevant conduct urged by the government, is between $20,-000–$40,000." This amount reflects losses arising from all the counts with which Lorenzini was charged, though he was only convicted of Count 9. Although Lorenzini consented to have his offense level based on this amount, this consent went only to the confinement portion of the agreement, which was the subject of paragraph 3. Nowhere did he agree to restitution in this amount and, in fact, the plea agreement expressly provided that: "The government will recommend that Mr. Lorenzini pay restitution and/or fines in the amount of $2,500." Because Lorenzini did not agree to pay restitution in excess of $2,500, the district court erred in imposing restitution exceeding the amount involved in the count of conviction.[9]

## CONCLUSION

The order that Lorenzini repay his attorney's fees as a condition of probation is vacated. So, too, is the order for restitution. In the event that, upon remand, the district court again decides to impose an order requiring Lorenzini to repay his costs pursuant to 18 U.S.C. § 3006A, it shall make a finding as to his present financial ability to make such payment. Any restitution ordered upon remand shall not exceed the amount of loss associated with the count of conviction.

Sentence vacated; Remanded for further proceedings.

8. The government relies on 18 U.S.C. § 3663(a)(3), which states:

> The court may also order restitution in any criminal case to the extent agreed to by the parties in a plea agreement.

18 U.S.C. § 3663(a)(3). Although this subsection was adopted after the conduct at issue here, this court has held that restitution exceeding the loss arising from the count of conviction is also permissible under the prior version of the statute "when the defendant agrees to such in a plea agreement." *United States v. Soderling,* 970 F.2d 529, 532–33 (9th Cir.1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 2446, 124 L.Ed.2d 663 (1992).

9. Because we vacate the restitution order, we do not address Lorenzini's contention that the government breached the plea agreement by failing to meet its obligation to recommend restitution in the amount of $2,500. We assume that upon remand the government will in good faith fulfill its obligation under the plea agreement to recommend restitution of $2,500.

Lorenzini also requests that his case be remanded to a different judge in order to ensure a fair sentence and preserve the appearance of justice. He contends that the district judge would be unable properly to follow the Ninth Circuit's instructions on remand. While this court has clear authority to remand the case to a different judge when circumstances so warrant, the record evinces none of the special circumstances that justify such an action. *United States v. Arnett,* 628 F.2d 1162, 1165–66 (9th Cir.1979) (setting out the test for remand to a different judge, but finding special circumstances not met and remanding to same district judge). Accordingly, we reject Lorenzini's request.

FERNANDEZ, J., concurring and dissenting:

I concur in all but Part I of the majority opinion.[1] As to that part, I cannot agree.

As I see it, the district court *does* have the authority to order the repayment of all fees as a condition of probation. The required repayment will, at the very least, "promote respect for the law" and "reflect the seriousness of the offense." *See* 18 U.S.C. § 3553(a)(2)(A).

A court's telling a criminal that there are costs and expenses that one incurs when one commits crimes is quite connected to the seriousness of the offense itself. Due to illness or leniency, Lorenzini was given the advantage of probation. The knowledge that his frauds will cause him to be out of pocket for the costs of defending himself and that he cannot avoid the costs should help bring home to him the seriousness of what he did.

Moreover, a probation term of this kind does help promote respect for the law because a defendant will not get away with defrauding others of their money for his own gain, while at the same time having his affordable defense fees paid by the government. It does so in still another way. As the majority opinion recognizes, the district court can order a defendant to repay the defense fees, if he can afford to do so. That becomes a legal obligation of his. A failure to fulfill his legal obligations is exactly what caused Lorenzini to fall into the toils of the criminal law in the first place, and the defense fees are part of the consequences of that failure. Flouting his obligation to repay those fees would show disrespect for the law and for the legal process. Indeed, the majority suggests that contempt proceedings might even be available to enforce the reimbursement order. Contempt is based upon disrespect, and defendants like Lorenzini need to learn to respect the rights of others. That is a prime (maybe the most important) part of what people like Lorenzini are supposed to learn while on probation.

Perhaps Lorenzini would prefer to spend his money other ways, despite his repayment obligation, or perhaps he would repay anyway. But the shaping of conditions of probation is essentially a task for the district court, and that is where we should leave it. *See United States v. Juvenile # 1 (LWQ),* 38 F.3d 470, 473 (9th Cir.1994). Many of the probation conditions set forth in the Guidelines focus on requiring defendants to fulfill their legal obligations. *See, e.g.,* § 5B1.4(a)(4) (support dependents and meet family responsibilities); § 5B1.4(b)(15) (pay restitution); § 5B1.4(b)(16) (pay fines); § 5B1.4(b)(17) (do not incur new debts unless paying restitution, etc., on schedule). For each of these obligations, other methods of enforcement are available. However, they are useful and appropriate probation terms. So, too, is a term that requires repayment of an obligation for fees.

Therefore, while I concur in the remainder of the majority opinion, I dissent from Part I.

---

1. I concur in Part II because I take it that the majority does not intend to say that a district court must order the whole of the fees paid at once or not order payment at all. I do not read the emphasis on the words "current" and "present" to mean that the district court must extract the fees immediately and with draconian rigidity or not assess them.