112 F.3d 518
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Nicholas STERNER, Defendant-Appellant.
 No. 96-50172.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 7, 1997.
Decided April 23, 1997.
 
 Before: BROWNING and KLEINFELD, Circuit Judges, and MERHIGE,* Senior District Judge.
 MEMORANDUM**
 The district court did not impose a vindictive sentence when it ordered Sterner to pay two thirds of his legal expenses pursuant to 18 U.S.C. § 3006A(f). Sterner's argument that the § 3006A(f) order is the equivalent of a vindictive fine after retrial is foreclosed by this court's recent decision that recoupment of fees pursuant to 18 U.S.C. § 3006A(f) cannot be characterized as punitive. See United States v. Lorenzini, 71 F.3d 1489, 1493 (9th Cir.1995). Because the recoupment of legal fees is not punishment under Lorenzini, their imposition after retrial does not give rise to a presumption of vindictiveness under North Carolina v. Pearce, 395 U.S. 711, 725 (1969). Nor has Sterner established any actual vindictiveness on the part of the district court.
 However, the district court abused its discretion when it found funds were presently "available" to reimburse counsel under 18 U.S.C. § 3006A(f). United States v. Harris, 707 F.2d 653, 660 (2d Cir.1983) ("abuse of discretion standard applies to § 3006A(b) & (c) determinations."), cert. denied 464 U.S. 997 (1983).*** Title 18 U.S.C. section 3006A(f) allows a court to order reimbursement only upon an adequate finding that defendant has funds "presently available" to pay the fees. Lorenzini, 71 F.3d at 1494. Such a finding must be based on the defendant's current assets, not on his ability to fund repayment from future earnings. See id. at 1494. This court explained,
 [t]he fact that the statute allows partial payments does not justify a repayment order over time, when funds are not presently available. The court may order either complete or partial repayment, however, it may do so only if it finds that the defendant has the present ability to repay the amount ordered.
 Id. As of November 16, 1995, there is no indication that Sterner had sufficient assets available to satisfy the recoupment order. Furthermore, the language of the recoupment order reflects the district court erroneously used the same criteria for ordering reimbursement under § 3006A(f) as it used for terminating counsel under § 3006A(c). The district court determined Sterner was capable of paying for counsel, not that funds were presently available to reimburse counsel. Therefore, Mr. Katz should be fully compensated out of CJA funds. By the time the district court denied the motion for reconsideration in March of 1996, all the evidence indicated Sterner's financial condition had declined. The record does not reflect that Sterner had sufficient assets available to satisfy the recoupment order in either November of 1995 or March of 1996.
 REVERSED and REMANDED.
 
 
 
 *
 Honorable Robert R. Merhige, Jr., Senior United States District Judge for the Eastern District of Virginia, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 ***
 Both parties' briefs fail to distinguish between the district court's decision to terminate court appointed counsel on November 16, 1995, under 18 U.S.C. § 3006A(c) and the separate decision to order reimbursement under § 3006A(f)