**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**John Henry DAVIS, Defendant–**
**Appellant.**

**No. 06–50722.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 8, 2008.

Filed June 12, 2008.

---

**1.** The IJ identified a number of other indicia of incredibility which the BIA did not specifically discuss, nor do we.

Becky S. Walker, Esq., Rozella Oliver, Esq., Office of the U.S. Attorney Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

Federal Public Defender's Office, Los Angeles, CA, for Defendant–Appellant.

Before: PREGERSON, D.W. NELSON, and FERNANDEZ, Circuit Judges.

## MEMORANDUM *

John Henry Davis appeals his conviction and sentence for witness tampering under

---

\* This disposition is not appropriate for publication and is not precedent except as provided

18 U.S.C. § 1512(b)(3). The parties are familiar with the facts of the case, so we repeat them here only to the extent necessary to explain our decision. We have jurisdiction under 28 U.S.C. § 1291. We affirm the conviction, but order a limited remand to correct the district court's handling of the repayment of the Federal Public Defender's fees incurred in representing Davis. Davis raises six issues, which we discuss in turn below.

### 1. Davis's Acquittal on the Underlying Offense

Davis contends that his witness tampering conviction must be vacated because the district court granted his motion for judgment of acquittal on the underlying charge that Davis made a false statement in violation of 18 U.S.C. § 1001. We disagree. The witness tampering statute prohibits preventing a third party from communicating to a law enforcement officer information "relating to the commission or *possible commission* of a Federal offense." 18 U.S.C. § 1512(b)(3) (emphasis added). The plain language of the statute makes clear that a conviction is not required. *See United States v. Baldyga,* 233 F.3d 674, 681 (1st Cir.2000); *United States v. Applewhaite,* 195 F.3d 679, 687–88 (3rd Cir. 1999); *United States v. Cobb,* 905 F.2d 784, 790 (4th Cir.1990); *United States v. Ronda,* 455 F.3d 1273, 1290 (11th Cir.2006). Davis's argument that the word "possible" in the statute should be read to modify "Federal" is not compelling.

### 2. Difference Between the Indictment and the Evidence Presented at Trial

■ Davis contends that his motion for acquittal on the witness tampering charge should have been granted because the evidence presented at trial differed from what was alleged in the indictment. The

difference between the indictment, which specified that Davis asked Escamilla to lie about where he lived in June 2002, and the evidence presented at trial, where Escamilla identified only a general period of time that she was asked to lie about, was a variance, and not a constructive amendment which would require dismissal. *See United States v. Hartz,* 458 F.3d 1011, 1020–22 (9th Cir.2006).

A variance does not require reversal "unless it prejudices the defendant's substantial rights." *Id.* at 1020. "The grand jury clause of the Fifth Amendment is designed to ensure that criminal defendants have fair notice of the charges that they will face and the theories that the government will present at trial. A minor difference between the indictment and the jury instructions that does not affect an essential element of the offense does not risk blindsiding a defendant with an unforeseeable basis of liability or prosecution strategy." *Id.* at 1022–23. The small difference between the indictment and the evidence presented here did not prejudice Davis's substantial rights, because he was clearly on notice that the government intended to prosecute him for telling Escamilla to lie about whether he lived in the Rialto house. Therefore, "[t]his is not a case . . . where the difference between the indictment and the proof offered at trial affirmatively misled the defendant and obstructed his defense at trial." *Id.* at 1023.

### 3. Refusal to Give Davis's Jury Instruction

■ Davis also challenges the district court's refusal to give a jury instruction that would have required the jury to agree unanimously about which possible federal offense supported the witness tampering charge. We disagree. Jury unanimity

was not required on this detail. The Supreme Court has held that "different jurors may be persuaded by different pieces of evidence, even when they agree upon the bottom line. Plainly there is no general requirement that the jury reach agreement on the preliminary factual issues which underlie the verdict." *Schad v. Arizona*, 501 U.S. 624, 632, 111 S.Ct. 2491, 115 L.Ed.2d 555 (1991) (citation and internal quotation omitted). Here, the jury needed only to agree unanimously that Davis attempted to prevent Escamilla from communicating information to a law enforcement officer regarding a possible federal offense. Therefore, because Davis's proposed jury instruction misstated what the jury was required to find, the district court did not err in rejecting it.

### 4. Reservation of Decision On Rule 29 Motion

■ Davis also challenges the district court's decision to wait until after closing argument to grant his motion for acquittal on the false statement charge. Davis contends that when the judgment for acquittal was granted, the district court should have granted a mistrial on the witness tampering charge, or alternatively, should have granted Davis's request to reopen closing argument. We review for abuse of discretion a district court's denial of a motion for a mistrial. *United States v. Hagege*, 437 F.3d 943, 958–59 (9th Cir.2006). We also review for abuse of discretion the district court's decision not to reopen closing argument. *See United States v. Spillone*, 879 F.2d 514, 518 (9th Cir.1989).

Rule 29 specifically allows the district court to reserve judgment on a motion for acquittal. Fed.R.Crim.P. 29(b). At times, it may be more appropriate for a district court to make a decision on a Rule 29 motion before closing argument, or, if a decision is reserved until after closing argument, to reopen closing argument. In this case, however, it was not an abuse of discretion to make the decision after closing argument. Davis's closing argument focused on attacking Escamilla's credibility, which was central to Davis's defense on both charges. There are other arguments that Davis's counsel could conceivably have made if closing argument had been reopened. That, however, does not mean that the district court abused its discretion. Here, where Davis had the opportunity to make any and all arguments with respect to the witness tampering charge, it was not an abuse of discretion to withhold decision on the Rule 29 motion until after closing argument.

### 5. Davis's Marital Privilege Objections

Davis challenges the district court's decision to admit into evidence two pieces of testimony that he says were barred by the marital communications privilege. We review for abuse of discretion the admission of evidence possibly subject to the marital communications privilege. *United States v. Murphy*, 65 F.3d 758, 761 (9th Cir.1995).

In challenging the admission of statements made by his ex-wife Brenda, Davis argued that the district court erred by not fully considering the factors laid out in *United States v. Roberson*, 859 F.2d 1376, 1381 (9th Cir.1988) and *United States v. Murphy*, 65 F.3d 758, 761 (9th Cir.1995), which govern whether the marital communications privilege applies to communications while a marriage is failing. Davis argues that the district court relied exclusively on the fact that the couple had not in fact reconciled in the four years between the 2002 statement and the trial. The district court, however, did cite the *Roberson* factors, and although the court did particularly emphasize the issue whether the Davises eventually reconciled, Davis's counsel made no suggestion that

any evidence existed that the marriage was reconcilable as of April 20, 2002, the date Brenda made the statement at issue. Davis himself even testified that as of late 2001, "there was no hope of reconciliation. It was over." As such, any error made by the district court in focusing too much on the lack of an actual reconciliation was harmless.

■ Davis also challenges the admission into evidence of statements he made in a deposition in his divorce proceeding. The parties agree that the district court erred in concluding that Davis had waived the assertion of the marital communications privilege by answering the questions in the divorce proceeding. The government argues that the error was harmless, and we agree. The brief bit of testimony from Davis's divorce deposition that was protected by the privilege only confirmed other evidence in the record that he rented out the house. Thus, we conclude that the error in admitting Davis's deposition testimony was harmless.

## 6. Repayment of Federal Public Defender's Fees

Based on information on Davis's finances in the presentence report, the district court ordered, as a condition of probation, that Davis contribute to the costs of his Federal Public Defender in an amount to be determined by the probation officer. As the parties agree, the district court erred in two respects. First, we have clearly held that reimbursement of court-appointed attorney's fees is not a valid condition of probation. *See United States v. Lorenzini,* 71 F.3d 1489, 1494 (9th Cir.1995) (holding that "reimbursement of CJA funds is not a valid condition of probation because it has no reasonable nexus to the goals set forth in 18 U.S.C. § 3553(a)(2)(A) through (D) and because the deprivation of liberty involved is not reasonably necessary to accomplish the statutory purposes."). And second, it was also error for the district court to ask the probation officer to determine the amount Davis would have to pay to reimburse the government for the costs of his legal services. 18 U.S.C. 3006A(f) provides that "[w]henever the United States magistrate judge or *the court* finds that funds are available for payment from or on behalf of a person furnished representation, it may" require the defendant to pay for the costs of the representation. 18 U.S.C. § 3006A(f) (emphasis added). Because the statute specifies that this is a duty for "the court," it is not a duty that can be delegated to the probation officer. *See United States v. Stephens,* 424 F.3d 876, 882 (9th Cir.2005) (holding that delegating to a probation officer the number of drug tests the defendant was required to undergo was prohibited under statute specifying that the duty was to be executed by "the court"); *United States v. Gunning,* 339 F.3d 948, 949 (9th Cir.2003) (holding that district court erred in delegating to the probation officer the responsibility for a schedule of making restitution payments under statute that provided that "the court" should specify the schedule of payments).

Because of these errors, we order a limited remand for the district court to determine the amount Davis will be required to pay for his legal representation, and to remove the repayment of legal services as a condition of his probation.

In sum, we AFFIRM Davis's conviction, but issue a LIMITED REMAND for the district court to correct errors regarding the treatment of Davis's responsibility to reimburse the government for the cost of representation by the Federal Public Defender.