**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Elvis L. ROBINSON, Defendant–**
**Appellant.**

**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Gregory A. BOGAN, Defendant–**
**Appellant.**

**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Manuel L. ROBINSON, Defendant–**
**Appellant.**

Nos. 92–10196, 92–10267, 92–10301, 92–10206, 92–10264, 92–10265, 92–10302, 92–10445.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 12, 1993.

Decided April 4, 1994.

---

Barry Portman, Asst. Federal Public Defender, San Francisco, CA, for defendant-appellant Elvis L. Robinson.

Henry Wykowski, San Francisco, CA, for defendant-appellant Bogan.

Gregor D. Guy–Smith, San Francisco, CA, for defendant-appellant Manuel Robinson.

Rory Little, Asst. U.S. Atty., San Francisco, CA, for plaintiff-appellee.

Before: CANBY and BRUNETTI, Circuit Judges, and WILSON, District Judge.*

BRUNETTI, Circuit Judge:

Elvis Robinson, Manuel Robinson, and Gregory Bogan ("appellants") pleaded guilty to conspiracy to commit armed bank robbery and commission of armed bank robbery. The district court sentenced them to prison terms according to the applicable sentencing guideline ranges. The district court also imposed punitive fines and costs of incarceration and supervised release on appellants, pursuant to United States Sentencing Guideline (U.S.S.G.) § 5E1.2. Appellants challenge their sentences on several grounds. We vacate the sentences and remand for resentencing.

## I

On September 9, 1991, appellants robbed a credit union of approximately $8,609 in currency, coin, and cashier's checks. They were arrested later that day and on December 16, 1991, each of them pleaded guilty to one count of conspiracy to commit armed bank robbery and one count of armed bank robbery, in violation of 18 U.S.C. §§ 371 and 2113(a), (d). The district court sentenced Elvis Robinson to 71 months' imprisonment and Bogan and Manuel Robinson to 87 months' imprisonment each, to be followed in each case by five years of supervised release. The district court also imposed costs of imprisonment of $1,492 per month on each appellant, pursuant to U.S.S.G. § 5E1.2(i).

Elvis Robinson filed a motion (later joined by the other two appellants) asking the district court to reconsider its imposition of the costs of imprisonment. Following a hearing, the district court issued an order modifying the sentences on April 13, 1992.[1] In addition to imposing costs of incarceration, the district court also imposed on each appellant a punitive fine of $100,000 and costs of supervised release. If appellants serve their full prison terms, their total fines will be $212,864 (Elvis Robinson), $236,736 (Manuel Robinson), and $236,736 (Bogan). Appellants appeal their sentences.[2]

## II

■ Appellants claim that U.S.S.G. § 5E1.2(i) violates both the Sentencing Reform Act and the Due Process Clause of the Fifth Amendment. Appellants did not raise these claims in the district court proceedings. As a general rule, we will not consider an issue raised for the first time on appeal. *United States v. Mondello*, 927 F.2d 1463, 1468 (9th Cir.1991). We decline to do so here.

## III

We next consider whether the district court followed the correct procedures in applying the guideline to appellants. U.S.S.G. § 5E1.2 requires the sentencing court to "impose a fine in all cases, except where the defendant establishes that he *is unable* to pay and *is not likely to become able* to pay any fine." U.S.S.G. § 5E1.2(a) (emphasis added). If the defendant establishes both of these facts, or if the district court determines that "imposition of a fine would unduly burden the defendant's dependents, the court may impose a lesser fine or waive the fine." U.S.S.G. § 5E1.2(f).

■ The district court's written opinion clearly addresses the first of these issues: whether appellants are *presently* able to pay

---

* Honorable Stephen V. Wilson, United States District Judge for the Central District of California, sitting by designation.

1. All parties stipulated that notwithstanding the notices of appeal the district court had jurisdiction to reconsider and modify the sentences.

2. Appellants filed a motion for reconsideration of the April 13 order, but the district court denied it and on April 27 issued a written order that slightly amended the April 13 order. The April 27 order is reported as *United States v. Bogan*, 788 F.Supp. 433 (N.D.Cal.1992).

a fine. The opinion states that "[d]efendants in this case have not, as they must, *clearly established* their inability to pay fines." *United States v. Bogan*, 788 F.Supp. 433, 436–37 (N.D.Cal.1992) (emphasis added). The opinion also states that "[w]hile no one can seriously contend that any of these defendants is a good bet to pay a significant fine, defendants have done very little to discharge their burden of proof on this issue." *Id.* at 437. Although these findings seem to contradict some of the statements made by the district judge during the sentencing hearing,[3] the written opinion indicates that the district court ultimately found that appellants had not established their present inability to pay.[4] We review the written opinion and not the oral statements because "[o]ral responses from the bench may fail to convey the judge's ultimate evaluation [and] [s]ubsequent consideration may cause the district judge to modify his or her views." *Ellison v. Shell Oil Co.*, 882 F.2d 349, 352 (9th Cir.1989).

■ We generally review a district court's factual findings in the sentencing phase for clear error. *United States v. Chapnick*, 963 F.2d 224, 226 (9th Cir.1992). Here, the district court's statement that appellants had not "clearly established" their inability to pay fines indicates that the court may have judged appellants' claims using a "clear and convincing" standard of proof. However, the appropriate standard in this situation is "preponderance of the evidence." *United States v. Navarro*, 979 F.2d 786, 788 (9th Cir.1992). *See also* Commentary to U.S.S.G. § 6A1.3 ("The Commission believes that use of a *preponderance of the evidence standard* is appropriate to meet the due process requirements and policy concerns in resolving disputes regarding application of the guidelines to the facts of a case.") (emphasis added). Because we believe the district court may have used an incorrect standard of proof, we cannot review its finding as made.

■ We need not remand on this issue, however, for we conclude that the evidence is sufficiently strong and uncontradicted that the district court would be compelled to conclude that the defendants had shown by a preponderance of the evidence that they were presently unable to pay fines. On this record, any other finding would be clearly erroneous. We have previously noted that the facts contained in a presentence report are an important factor in determining inability to pay. *United States v. Schubert*, 957 F.2d 694, 697 (9th Cir.1992). Here, appellants' presentence reports ("PSRs") conclude that none of the appellants has the ability to pay a significant fine. Elvis Robinson's PSR states that "he currently has no assets." [Elvis Robinson PSR at ¶ 65]. Manuel Robinson's PSR states that "the defendant's financial status is unknown" [Manuel Robinson PSR at ¶ 46] but later states that "[b]ased on defendant's lack of assets, it appears that the defendant does not have the ability to pay a minimum fine." [*Id.* at Sentencing Recommendation]. Bogan's PSR states that "the defendant has no assets or income, thus no ability to pay a fine." [Bogan PSR at ¶ 66]. On the basis of these findings, none of the PSRs recommended a fine.

The Sentencing Commission has also noted that a defendant's representation by assigned counsel is a significant indicator of present inability to pay. U.S.S.G. § 5E1.2 Appl. Note 3. Here, all three appellants were and are represented by assigned counsel. This fact, combined with the findings of the presentence reports, compels a finding that the preponderance of the evidence shows that appellants do not have the present ability to pay a significant fine.

U.S.S.G. § 5E1.2 also permits a defendant to establish that he "is not likely to become able to pay" any fine. The district court's opinion does not clearly indicate whether the district court determined that appellants had

---

**3.** During the March 27, 1992 sentencing hearing, the district court told Elvis Robinson's attorney that "[a]ll you have established in this case is the defendants have no present ability to pay" [Bogan ER at 124:15–16] and stated that "I don't think [it's] disputed [that defendants do not have the present ability to pay a fine]." [*Id.* at 136:1–4].

**4.** The district court's statement that it would "assume *arguendo* that defendants had satisfied [their] burden," *Bogan*, 788 F.Supp. at 437 (emphasis added), clearly does not represent a finding of present inability to pay.

established their likely future inability to pay. The opinion states only that "[d]efendants ... have not ... clearly established their inability to pay fines," without specifying whether "inability" referred to the present or the future. *Bogan*, 788 F.Supp. at 436–37. Other statements are similarly imprecise: "[d]efendants' representation by assigned counsel is an indicator of present inability to pay a fine and may indicate a future inability as well," *id.* at 437; "the burden of establishing present or future inability to pay rests with defendants, and even though they were offered the opportunity to supplement the record ... they declined to do so." *Id.* The district court seems to have left it up to the probation officers to make, at some future time, the determination whether defendants are then able to pay a fine:

> in the event that a defendant establishes to the satisfaction of the probation officer an inability to pay all or any part of the fine obligations for any month during supervised release, each defendant shall perform community service in the amount of 500 hours per year during each year of supervised release for the maximum period of supervised release.

*Id.* at 439.

Appellants contend that the district court cannot defer this determination to the future; they claim that the court must determine *prior* to imposing a fine whether a defendant is likely to become able to pay any fine. The Guidelines do not state explicitly that the district court must make the determination at the time of sentencing, but they strongly imply such a requirement. Implicit in § 5E1.2(a)'s command to impose a fine unless the defendant establishes present and likely future inability to pay is the requirement that the district court decide whether the defendant has "established" these facts *before* imposing any fine—i.e., before sentencing. Consistent with this implicit requirement is § 5E1.2(d)(2)'s command that

the district court, in determining the amount of the fine, consider "any evidence presented as to the defendant's ability to pay the fine." Finally, § 5E1.2(f) provides that if the defendant successfully establishes present and future inability to pay, "the court may impose a lesser fine or waive the fine." Thus, the structure of § 5E1.2 indicates that the district court, *before* imposing any fine, must determine whether the defendant has established such inability.

In *United States v. Seminole,* 882 F.2d 441 (9th Cir.1989), we remanded to the district court a sentence that imposed a fine on the defendant without any finding as to whether he had "the earning capacity to pay a fine after he is released from prison." *Id.* at 443. The parties had agreed that the defendant was indigent at the time the sentence was imposed, and we held that consequently "the district court may only impose a fine if it decides [defendant] has sufficient earning capacity to pay the fine following his release from prison." *Id.* We therefore strongly implied that a determination of likely future ability to pay was required at the time of sentencing: if the district court decides at sentencing that the defendant does not have such "earning capacity"—whether it be education, experience, job skills, or a combination thereof—then the district court may not impose a fine at all. *See id.*

■ Thus, while the district court's approach to the problem has a certain common-sense appeal—courts should not be required to decide now whether criminals will have the ability to pay five or ten years in the future—it does not appear to be one authorized by the Guidelines or by our prior holdings. Therefore, we hold that before imposing a fine pursuant to U.S.S.G. § 5E1.2, the district court must determine whether a defendant has established by a preponderance of the evidence that he is unlikely to become able to pay any fine in the future.[5] Because

---

5. This holding is consistent with our approach to restitution orders imposed pursuant to the Victim and Witness Protection Act of 1982, 18 U.S.C. § 3664. In *United States v. Ramilo,* 986 F.2d 333 (9th Cir.1993), we held that "at the time restitution is ordered the record must reflect some evidence the defendant may be able to

pay restitution in the amount ordered in the future." *Id.* at 336. We relied in part on the holdings of other circuits that "although future restitution may be ordered despite a defendant's present indigency, the order must be based on some evidence the defendant may be able to pay

the district court here never made such a determination, we remand for an evidentiary hearing on the issue.[6]

## IV

Appellants and the Government had agreed that the district court's first sentence, which imposed the § 5E1.2(i) cost-of-incarceration fine without also imposing a § 5E1.2(c) punitive fine, was illegal. Since this circuit had never addressed the issue at the time this appeal was submitted, the parties looked to the decisions of other circuits. However, in *United States v. Favorito*, 5 F.3d 1338 (9th Cir.1993), we recently held that the district court may impose a cost-of-incarceration fine without separately imposing a punitive fine as well. *Id.* at 1340.

## V

Appellants and the Government also agree that the portion of the sentence requiring appellants to perform community service if they cannot pay their fines violates 18 U.S.C. § 3572(e). We agree. The statute provides that "[a]t the time a defendant is sentenced to pay a fine, the court may not impose an alternative sentence to be carried out if the fine is not paid." 18 U.S.C.A. § 3572(e) (West Supp.1993). The Guidelines provide that any punishment imposed in place of a fine, such as community service, is an "*alternative* sanction[ ]" that must be imposed "*in lieu* of all or a portion of [a] fine;" community service cannot be imposed as a fall-back punishment to be served if the defendant cannot later pay the fine. U.S.S.G. § 5E1.2(f) (emphasis added). On remand, therefore, the district court must impose either fines *or* community service; it may not impose the latter as an alternative punishment if the former are not paid.

the amount fixed when required to do so." *Id.* at 335.

**6.** In their opening briefs, Elvis and Manuel Robinson ask us to remand with directions to provide such an evidentiary hearing, and the Government agrees with them. In their joint reply brief, however, appellants argue that there is no need to remand for an evidentiary hearing; they contend that the evidence in the record is suffi-

## VI

We find that appellants have established by a preponderance of the evidence their present inability to pay any significant fine. We further find that the district court was required, prior to sentencing, to determine whether defendants had established by a preponderance of the evidence their likely future inability to pay such a fine. Because the district court failed to make this determination, we remand for an evidentiary hearing on the issue. We further direct that, if appellants establish their future inability to pay fines, then the district court cannot impose a cost-of-incarceration fine, and it cannot impose community service as an alternative to an unpaid fine.

SENTENCES VACATED; REMANDED FOR RESENTENCING.

cient for the panel to find that they are unable and are unlikely to become able to pay any fine. We disagree; as the district court noted, there is simply not enough evidence in the record to determine whether defendants will be able to pay a fine in the future. *See Bogan,* 788 F.Supp. at 437.