101 F.3d 706
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Randy Anthony SCALES, Defendant-Appellant.
 No. 96-50016.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 5, 1996.*
Decided Nov. 13, 1996.
 
 Before: PREGERSON, REINHARDT, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Randy Anthony Scales, a federal prisoner, appeals the denial of his request to stay the payment of a two thousand dollar fine under the Inmate Financial Responsibility Program (IFRP). Scales contends the district court erred by refusing to stay payment of the fine until his release from prison. The government contends that the district court lacked jurisdiction to consider Scales' request. We have jurisdiction pursuant to 28 U.S.C. § 1291 and vacate and remand with instructions to dismiss for lack of jurisdiction.[1]
 
 
 3
 We review a district court's assumption of jurisdiction de novo. United States v. Stump, 914 F.2d 170, 172 (9th Cir.1990).
 
 
 4
 Scales contends that jurisdiction was proper under 28 U.S.C. § 2255. Claims of constitutional error, lack of jurisdiction, or legal errors resulting in a complete miscarriage of justice are cognizable in § 2255 habeas petitions. 28 U.S.C. § 2255; United States v. Addonizio, 442 U.S. 178, 185 (1979); Hamilton v. United States, 67 F.3d 761, 763-64 (9th Cir.1995). Scales' letter failed to allege constitutional or legal error, or lack of jurisdiction and merely requested a stay of his fine. Accordingly, his claim is not cognizable under 28 U.S.C. § 2255.
 
 
 5
 Absent a claim that a fine is illegal, modification of a fine is permissible only through Fed.R.Crim.P. 35 or 18 U.S.C. § 3573. See 18 U.S.C. § 3572(c). Fed.R.Crim.P. 35 permits correction or reduction of a sentence: 1) when the trial court is instructed to do so by an appellate court on remand, 2) when the government moves for a reduction of the sentence within one year of sentencing, or 3) when the sentencing court, within seven days of sentencing, discovers a clerical error. See Fed.R.Crim.P. 35. None of these circumstances exist.
 
 
 6
 Alternatively, modification may be granted under 18 U.S.C. § 3573. However, this statute applies only upon petition by the government. See 18 U.S.C. § 3573. Because the government did not petition to modify Scales' fine, § 3573 does not pertain.
 
 
 7
 Scales raises, for the first time on appeal, a due process challenge to the validity of the IFRP and a challenge to the validity of his sentence pursuant to the plea agreement. Although these claims may form the basis for federal jurisdiction, they were not raised in the district court and we decline to address them for the first time on appeal. See United States v. Robinson, 20 F.3d 1030, 1032 (9th Cir.1994); United States v. Flores-Payon, 942 F.2d 556, 558 (9th Cir.1991).[2]
 
 
 8
 VACATE AND REMAND with instructions to dismiss for lack of jurisdiction.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Scales' notice of appeal was timely under Fed.R.App.P. 4(b). Appellee also contends that Scales waived his right to appeal his sentence in his plea agreement, and therefore cannot appeal the district court order. However, Scales does not appeal his sentence. He appeals the denial of his motion to stay his fine until release from prison. Because the language of the waiver is limited to an appeal of the imposition of his sentence, Scales has not waived the right to bring this appeal. See United States v. Baramdyka, 95 F.3d 840, 843 (9th Cir.1996) (language of waiver determines scope)
 
 
 [2]
 Scales also contends that the district court should have held an evidentiary hearing. The district court lacked jurisdiction to entertain Scales' motion, and therefore no evidentiary hearing was necessary