134 F.3d 379
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
David Joseph BROWN, Defendant-Appellant.
 No. 97-10004.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 12, 1998.**
Decided Jan. 15, 1998.
 
 Before: BROWNING, KLEINFELD, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Federal prisoner David Joseph Brown appeals pro se the district court's denial of his petition to modify the $5,000 fine imposed at sentencing. We have jurisdiction pursuant to 28 U.S.C. § 1291, and vacate and remand with instructions to dismiss for lack of jurisdiction.
 
 
 3
 Brown contends that the district court: erred by denying his petition to reduce his fine under 18 U.S.C. § 3573(b). We review de novo a district court's assumption of jurisdiction. See United States v. Stump, 914 F.2d 170, 172 (9th Cir.1990). Absent a claim that a fine is illegal, the court can modify a fine only under Federal Rule of Criminal Procedure 35 or 18 U.S.C. § 3573. See 18 U.S.C. § 3572(c) (1988 & Supp. V.1993).
 
 
 4
 None of the circumstances permitting a sentence reduction under Rule 35 are present here, and in 1987 Congress amended section 3573 to restrict to the government the right to petition for modification or remission of a fine. See Criminal Fine Improvements Act of 1987, Pub.L. No. 100-185, 101 Stat. 1282 (1987); see also Sentencing Reform Act of 1984, Pub.L. No. 98-473, 98 Stat.1997 (1984). As the district court noted, the government did not petition to modify Brown's fine pursuant to section 3573. Accordingly, the district court was not empowered to reduce Brown's fine.[1]
 
 
 5
 VACATED AND REMANDED with instructions to dismiss for lack of jurisdiction.
 
 
 6
 We do not address the government's argument that Brown waived his right to appeal his sentence in his plea-agreement. For one thing, the government did not present this argument to the district court, so it may have waived it. Second, the AUSA informed us (in response to record request) that no one ever requested preparation of the plea transcript, so it hasn't been transcribed. Given that the district court lacked jurisdiction anyway, it seemed pointless to order preparation.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 We decline to address Brown's First Amendment and due process challenges to section 3573, because he did not present these arguments to the district court. See United States v. Robinson, 20 F.3d 1030, 1032 (9th Cir.1994)