139 F.3d 909
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Patricia JACK, Defendant-Appellant.
 No. 97-30129.
 United States Court of Appeals, Ninth Circuit.
 Feb. 13, 1998.
 
 Appeal from the United States District Court for the District of Alaska James K. Singleton, Chief Judge, Presiding Submitted February 6, 1998** Seattle, Washington
 Before BRUNETTI, RYMER, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Patricia Ann Jack was convicted after a plea of guilty to one count of theft and embezzlement of bank funds by a bank employee in violation of 18 U.S.C. § 656, and was sentenced to a term of nine months imprisonment, 200 hours of community service, a fine of $20,310.00, and restitution in the amount of $20,310.00. Jack appeals her sentence. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 I.
 
 3
 Jack first appeals the district court's refusal to grant a two-point acceptance of responsibility reduction. Whether a defendant has accepted responsibility is a factual determination reviewed for clear error. United States v. Thompson, 80 F.3d 369, 370 (9th Cir.1996). The district court's determination will not be disturbed unless it is without foundation. United States v. Aichele, 941 F.2d 761, 767 (9th Cir.1991).
 
 
 4
 Section 3E1.1 of the United States Sentencing Guidelines provides: "[i]f the defendant clearly demonstrates a recognition and affirmative acceptance of personal responsibility for his criminal conduct, reduce the offense level by 2 levels." A guilty plea prior to trial, combined with a truthful admission of the elements of the offense and relevant conduct, is considered "significant evidence of acceptance of responsibility." United States v. Vance, 62 F.3d 1152, 1157 (9th Cir.1995). However, entry of a guilty plea does not entitle a defendant to an acceptance of responsibility reduction as a matter of right. Id.; Thompson, 80 F.3d at 370; U.S.S.G. § 3E1.1, appl. n. 3. For instance, lying about the offense conduct weighs heavily against a finding of acceptance of responsibility. United States v. Sayetsitty, 107 F.3d 1405, 1410 (9th Cir.1997) (citing Vance, 62 F.3d at 1160). But see United States v. Gonzalez, 16 F.3d 985 (9th Cir.1993) (holding that a defendant's lying about his motivation for committing an offense should play no part in the district court's § 3E1.1 determination where the defendant's explanation was not made to avoid criminal liability).
 
 
 5
 Here, the district court denied Jack an acceptance of responsibility reduction, despite the recommendation in her Presentence Report (PSR) that the reduction be granted, because the court determined that Jack was lying when she claimed that the money she had stolen from the bank subsequently had been stolen from her by dishonest friends. The district court, after reading Jack's written statement to the probation officer and observing her demeanor as she testified at the sentencing hearing, found her story to be incredible. The court did not believe that Jack gave $1000 to friends who claimed they never received the money; that $5000 was unknowingly given away to someone named "Anthony" by a friend of Jack's who was holding her luggage; or that $10,000 was given by Jack to Barbara Massey, a mother figure to Jack, who spent all of the money on cocaine.
 
 
 6
 The district court did not clearly err in finding that Jack failed to truthfully account for the stolen money. Thus, we uphold the district court's determination that Jack failed to accept responsibility for her conduct.
 
 II.
 
 7
 Jack also challenges the district court's imposition of a fine. We review the district court's determination that a defendant has the ability to pay a fine for clear error. United States v. Favorito, 5 F.3d 1338, 1339 (9th Cir.1993), cert. denied, 114 S.Ct. 1374. The defendant has the burden of proving both present inability to pay a fine and likely future inability to pay. Id.; see also United States v. Robinson, 20 F.3d 1030, 1034 (9th Cir.1994).
 
 
 8
 In determining the defendant's ability to pay a fine, the district court must consider the findings in the PSR and the defendant's inability to retain private counsel. Robinson, 20 F.3d at 1033. Here, the PSR stated that Jack would be unable to pay a fine in addition to the $20,310.00 in restitution she owed. Moreover, Jack was represented by assigned counsel. Nonetheless, the district court found that because it believed Jack still possessed a significant portion of the proceeds of her crime, which could be used to pay the restitution, she could also afford to pay a fine over time. In addition, the court found that Jack's lengthy employment history indicated that she would be able to make payments over the course of five years once she got out of prison. Based on the foregoing, the district court did not clearly err in finding that Jack had the ability to pay a fine.
 
 
 9
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3