139 F.3d 909
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Orlando YAZZIE, Defendant-Appellant.
 No. 97-10068.
D.C. No. CR-96-00255-EHC.
 United States Court of Appeals, Ninth Circuit.
 Decided Feb. 23, 1998.
Argued and Submitted February 11, 1998.
 
 Appeal from the United States District Court for the District of Arizona Earl H. Carroll, District Judge, Presiding.
 Before HUG, Chief Judge, FERNANDEZ and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 The parties are familiar with the factual and procedural history and we will not recount it here except as necessary to clarify our decision.
 
 
 3
 The district court's limitation on the scope of cross-examination did not violate Orlando Yazzie's Sixth Amendment rights and was not an abuse of discretion. The district court prevented Yazzie's counsel from questioning Yazzie's codefendant, Carlson Ayze, about the application and effect of specific Sentencing Guidelines. However, Yazzie was able to present facts to the jury which established that Ayze had lied to law enforcement in the past, contradicted his sworn statement in the plea agreement, and expected to receive a substantially lower sentence in exchange for his testimony against Yazzie. Thus, even absent a discussion about Ayze's understanding of the Sentencing Guidelines, the jury had sufficient information with which to assess and draw inferences regarding Ayze's credibility, motivations, and reliability.
 
 
 4
 Yazzie's claim that the court erred in denying his Fed.R.Crim.P. 17(b) request for a subpoena became moot at trial because the witness was available in the courtroom and willing to testify. The district court also properly excluded testimony of the witness in view of the marginal relevance of the proposed testimony and its cumulative nature.
 
 
 5
 The district court also did not err by refusing to sever Yazzie's felon in possession charge from Yazzie's murder, assault and firearm charges. We review the district court's refusal to sever for an abuse of discretion. United States v. Vasquez-Velasco, 15 F.3d 833, 844 (9th Cir.1994). "A denial of severance will be upheld absent a showing that joinder was so manifestly prejudicial that it outweighed the dominant concern with judicial economy and compelled exercise of the court's discretion to sever." United States v. Kaplan, 895 F.2d 618, 621 (9th Cir.1990) (internal quotation marks and citation omitted). Yazzie bears the burden of showing such a degree of manifest prejudice that his trial was rendered unfair. United States v. Lewis, 787 F.2d 1318, 1321, amended by 798 F.2d 1250 (9th Cir.1986). A risk of undue prejudice may exist when failure to sever allows evidence of other crimes to be introduced in a trial of charges which would otherwise be inadmissible. Lewis, 798 F.2d at 1250. However, we evaluate undue prejudice by looking at both the strength of the evidence and the court's effort to guard against prejudice. See United States v. VonWillie, 59 F.3d 922, 930 (9th Cir.1995). Thus, denial of a motion to sever may not be an abuse of discretion when the evidence against the defendant is "neither sparse nor unconvincing." See United States v. Burgess, 791 F.2d 676, 679 (9th Cir.1986).
 
 
 6
 Here, the district court carefully ensured that the jury would not hear about Yazzie's previous felony conviction until after it had determined all other charges, and the other evidence against Yazzie was so overwhelming that the district court's failure to sever the felon in possession charge did not unduly prejudice Yazzie or deny his right to a fair trial.
 
 
 7
 The district court's bifurcation procedure did not run afoul of United States v. Barker, 1 F.3d 957, amended by 20 F.3d 365 (9th Cir.1994). The district court did not impermissibly bifurcate Yazzie's felon in possession charge because the court merely separated the evidence into two proceedings rather than separating the offense itself. The jury was instructed on all elements of the crime and the jury was required to consider all elements of the crime charged in one deliberation. The bifurcation properly prevented the jury from hearing that Yazzie was a convicted felon until after the first eight counts were determined, and the district court did not err in allowing the government to establish possession by referencing evidence heard in the first trial.
 
 
 8
 The district court did not misinstruct the jury on the felon in possession charge, and the court properly refused to offer Yazzie's proposed instructions. The district court's instructions fully and adequately covered all elements of the charged offense. The district court properly rejected Yazzie's proposed instructions because they were legally erroneous. Indeed, we rejected instructions almost identical to those suggested by Yazzie in United States v. Casterline, 103 F.3d 76, 77 (9th Cir.1996).
 
 
 9
 The district court also did not err in refusing Yazzie's request that the court read 18 U.S.C. § 922(g)(1) to the jury. The instructions given by the district court adequately covered the elements of the charged offense.
 
 
 10
 The district court did not err in imposing a $25,500 fine. The Guidelines require the district court to impose a fine within the Guideline range "except where the defendant establishes that he is unable to pay and is not likely to become able to pay any fine." U.S.S.G. § 5E1.2(a). Yazzie bears the burden to show, by a preponderance of the evidence, that he is unable to pay the fine within his Guideline range. United States v. Robinson, 20 F.3d 1030, 1034 (9th Cir.1994). Yazzie established that he was presently unable to pay a fine, but "[a] court may fine a presently indigent defendant if it finds that the defendant has sufficient earning capacity to pay the fine in the future." United States v. Haggard, 41 F.3d 1320, 1329 (9th Cir.1994). Where a defendant is indigent at the time of sentencing, showing that he can earn money while incarcerated is adequate to support a fine. See id. Yazzie failed to present any evidence indicating he was unlikely to be able to participate in some type of earnings program while incarcerated and thus the district court did not err in imposing a $25,500 fine.
 
 
 11
 The district court did not err in imposing a consecutive rather than concurrent sentence for Count Five. Yazzie claims that a consecutive sentence was not mandatory under 18 U.S.C. § 924(j). However, Yazzie was convicted of violating 18 U.S.C. § 924(c) which prohibits concurrent sentences "[n] otwithstanding any other provision of law." Although the language of subsection (j) may modify the five year minimum sentence required by subsection (c), nothing in subsection (j) removes the requirement that a sentence imposed under subsection (c) be imposed consecutively. Thus, the district court did not err in imposing a consecutive sentence for Yazzie's violation of 18 U.S.C. § 924(c) in Count 5.
 
 
 12
 Although Yazzie is correct in noting that § 924(j) did give the district court discretion to impose a sentence for any term of years, we reject any suggestion that the district court should have exercised its discretion to impose a lighter sentence for using a firearm during a murder than is statutorily required for using a firearm during an assault.
 
 
 13
 We affirm the judgment of the district court.
 
 AFFIRMED
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3