141 F.3d 1182
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Manuel CANTU SALINAS, Jr., Defendant-Appellant.
 No. 97-30225.
D.C. No. CR-90-00041-S-BLW.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 10, 1998**.
Decided March 13, 1998.
 
 Appeal from the United States District Court for the District of Idaho, B. Lynn Winmill, District Judge, Presiding.
 MEMORANDUM*
 Before FLETCHER, BEEZER, and LEAVY, Circuit Judges.
 
 
 1
 Manuel Cantu Salinas, Jr.--who was convicted of engaging in a continuing criminal enterprise and distributing cocaine--appeals the 360-month sentence imposed following remand from this court. Salinas contends that the district court erroneously calculated the quantity of drugs attributable to him. We have jurisdiction under 28 U.S.C. § 1291. We review for clear error the district court's drug quantity finding, see United States v. Vought, 69 F.3d 1498, 1503 (9th Cir.1995), and we affirm.
 
 
 2
 Salinas first contends that the district court impermissibly held him accountable for cocaine he allegedly warehoused at Wayne Wiese's property, because this cocaine was already attributed to other coconspirators. We decline to address this argument, because Salinas did not present it to the district court. See United States v. Robinson, 20 F.3d 1030, 1032 (9th Cir.1994).
 
 
 3
 Salinas also contends that the district court's finding at resentencing as to the amount of cocaine Salinas distributed to Wiese conflicted with the finding of the original sentencing judge, and that the court should have deferred to the earlier finding. This contention lacks merit.
 
 
 4
 On remand, a district court "may take any matter into account and may hear any evidence relevant to sentencing," unless this court expressly or implicitly limits the scope of remand. United States v. Caterino, 29 F.3d 1390, 1394 (9th Cir.1994). Here, the remand order neither expressly nor implicitly limited the scope of the district court's drug quantity calculation on remand. This court concluded that the quantity of drugs used in calculating Salinas's sentence "was not a reliable basis for the court to use for sentencing," and Salinas's sentence was thus "vacated and remanded for resentencing ... not inconsistent with this opinion." United States v. Salinas, No. 92-30192, slip op. at 2-3 (9th Cir. Aug. 19, 1996). Accordingly, the district court was free to consider other evidence in the record concerning the amount of drugs Salinas distributed to Wiese. See Catering, 39 F.3d at 1394.
 
 
 5
 Salinas conceded that he should be held accountable for forty-seven kilograms of cocaine. Reviewing Wiese's trial testimony that Salinas delivered "at least two kilos a month" for several months, and perhaps as long as a year, the district court conservatively estimated that Salinas was responsible for at least an additional four kilograms of cocaine. This estimate was supported by the record, and was based upon information that "Possess[ed] 'sufficient indicia of reliability to support its probable accuracy.' " See United States v. August, 86 F.3d 151, 154 (9th Cir.1996) (quoting U.S.S.G. § 6A1.3(a)). Accordingly, the district court did not clearly err by finding that Salinas was responsible for more than fifty kilograms of cocaine. See Vought, 69 F.3d at 1503.
 
 
 6
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3