**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Jorge BARON, Defendant—Appellant.**

No. 07–30232.

United States Court of Appeals,
Ninth Circuit.

Submitted April 8, 2008.*

Filed April 11, 2008.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Thomas J. Hanlon, Esq., USYA—Office of the U.S. Attorney, Yakima, WA, for Plaintiff–Appellee.

Philip Edward Nino, Esq., Spokane, WA, for Defendant–Appellant.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Before: REINHARDT, TASHIMA, and McKEOWN, Circuit Judges.

## MEMORANDUM **

Jorge Baron appeals the district court's application of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), in sentencing Baron following his jury conviction on two counts of possession of a firearm by a prohibited person. Baron also appeals the district court's imposition of a $100,000 fine.

We review de novo whether a prior conviction may be used to enhance a sentence under the ACCA. *United States v. Phillips*, 149 F.3d 1026, 1031 (9th Cir.1998). "A district court's determination that a defendant has the ability to pay a fine is a finding of fact reviewed for clear error." *United States v. Rearden*, 349 F.3d 608, 617 (9th Cir.2003).

Under the ACCA, a defendant convicted as a felon-in-possession will have his sentence enhanced if he has three prior convictions for violent felonies or serious drug offenses that were "committed on occasions different from one another." 18 U.S.C. § 924(e). Baron contends that the alleged predicate offenses—drug sales—were not "temporally distinct" because they occurred within days of each other and the sales were to the same individual.

Baron's argument fails under *Phillips*. In *Phillips*, we held that the "'rule [is that] offenses that are temporally distinct constitute separate predicate offenses, even if committed within hours of each

other, [are] similar in nature, and consolidated for trial or sentencing.'" *Phillips,* 149 F.3d at 1031 (quoting *United States v. Maxey,* 989 F.2d 303, 306 (9th Cir.1993)) (first alteration in the original). We went on to explain that "[t]he key is that after one crime is complete, the defendant has the opportunity to stop and not engage in a second criminal act." *Phillips,* 149 F.3d at 1032. The government alleged that Baron delivered drugs on June 6, 1994, June 28, 1994, and June 29, 1994. Under *Phillips,* these offenses are temporally distinct.

■ Baron also asserts that the district court erroneously found that he had the means to pay a $100,000 fine ($50,000 per count). Under the Sentencing Guidelines, the district court must "impose a fine in all cases, except where the defendant establishes that he is unable to pay and is not likely to become able to pay any fine." U.S.S.G. § 5E1.2(a). Baron bears the burden of demonstrating that he does not have the ability to pay the fine. *See Rearden,* 349 F.3d at 617.

The presentence investigation report ("PSR") stated that "[b]ased on the defendant's report of owning five or six homes, it appears he has the ability to pay a fine within the guideline range, however, the difficulty is assessing the total fine due to the lack of information about Mr. Baron's true assets." The guideline range for the fine, as calculated in the PSR, was $17,500 to $175,000 per count. Baron did not raise any objections to the information in the PSR regarding his financial status, nor did he object at the sentencing hearing. It was not plainly erroneous for the district court to conclude that Baron has the ability to pay a fine of $50,000 for each count. *See United States v. Robinson,* 20 F.3d 1030, 1033 (9th Cir.1994) ("We have previously noted that the facts contained in a presentence report are an important factor in determining inability to pay.").

**AFFIRMED.**