**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   15-10608 |
| Plaintiff-Appellee, | D.C. No. 5:13-cr-00076-RMW-3 |
| v. | |
| QUOC CHI TRAN, AKA Quoc Map, | MEMORANDUM[*] |
| Defendant-Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   16-10259 |
| Plaintiff-Appellee, | D.C. No. 5:13-cr-00076-RMW-1 |
| v. | |
| LENNIE LUAN LE, | |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Ronald M. Whyte, District Judge, Presiding

Argued and Submitted February 6, 2018
San Francisco, California

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: THOMAS, Chief Judge, and D.W. NELSON and CHRISTEN, Circuit Judges.

Quoc Chi Tran and Lennie Luan Lee appeal their jury convictions and sentences for conspiracy to conduct gambling businesses in violation of 18 U.S.C. §§ 371 & 1955(a). We affirm. Because the parties are familiar with the history of this case, we need not recount it here.

I

The district court did not err in admitting evidence from wiretaps of Le's phone. In considering a wiretap application, the issuing court has "considerable discretion in finding necessity, particularly when the case involves the investigation of a conspiracy." *United States v. Reed*, 575 F.3d 900, 909 (9th Cir. 2009). Here, the government supported both wiretap applications with affidavits in compliance with 18 U.S.C. § 2518(1)(c), which requires that wiretap applications include "a full and complete statement as to whether or not other investigative procedures have been tried and failed or why they reasonably appear to be unlikely to succeed if tried or to be too dangerous." The issuing judge did not abuse his considerable discretion when he determined that the wiretaps were necessary because the affidavits included ample evidence that other methods were falling short of the investigation's goals.

2

## II

The district court did not plainly err by not *sua sponte* instructing the jury on unanimity as to the conspiracy count against Tran. A specific unanimity instruction is required when there is a "genuine possibility that different jurors voted to convict on the basis of different conspiracies." *United States v. Lapier*, 796 F.3d 1090, 1093 (9th Cir. 2015). However, in this case, the government tendered sufficient evidence establishing one overarching conspiracy involving multiple locations, not separate conspiracies. Tran did not tender a unanimity instruction and, given the evidence, the district court did not plainly err by not giving one *sua sponte*.

## III

The district court did not abuse its discretion by denying Le's motion for a new trial based on the government's redaction of identifying information of former café employees from police reports. Le was provided the information with redactions before trial and had ample opportunity to request that the government provide the names and identifying information. Although the government has not supplied a good reason for the redactions, given the circumstances—especially the tardiness of Le's assertion of the issue—the district court did not abuse its discretion concluding that the relevance of the information was speculative, that Le

3

was able to cross-examine the primary witnesses adequately, and that Le was not entitled to a new trial.

IV

The evidence was sufficient for a rational juror to find beyond a reasonable doubt that there was a gambling business involving five or more people over thirty days, as required by 18 U.S.C. § 1955(b)(1)(ii). In considering a challenge to the sufficiency of the evidence, we must construe the evidence in the light most favorable to the prosecution, and inferences drawn from the evidence may be sufficient to sustain a conviction. *United States v. Bennett*, 621 F.3d 1131, 1135, 1139 (9th Cir. 2010).

Construing the evidence in the light most favorable to the prosecution, we conclude that the government provided sufficient evidence of the participation of five or more people involved in the overarching conspiracy. For example, in May 2012, Le made calls and sent text messages to Tran about the installation of gambling machines; Dung Dinh agreed to bring new machines to a café and collected money from the machines; Tam Nguyen negotiated with café owners about how the profits from the gambling machines would be split; and Tu Nguyen collected money from the machines.

4

V

The district court did not err in applying a four-level leadership enhancement to Le's sentence. The Sentencing Guidelines provide for a four-level increase where "the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive[.]" U.S.S.G. § 3B1.1(a). Le accepted payments from the enterprise, was called on to handle problems, make collections, and negotiate rates. Given the record, the district court's factual findings were not clearly erroneous, and the court did not abuse its discretion in applying the Guideline to the facts. *United States v. Gasca-Ruiz*, 852 F.3d 1167, 1170 (9th Cir. 2017) (en banc) (establishing standard of review).

VI

The district court did not plainly err in imposing Tran's conditions of supervised release.

Tran challenges the condition requiring him to pay for all or part of the cost of drug abuse and mental health treatment. Because the condition includes the qualification that Tran pay "part or all" of the cost "as deemed appropriate," it can be reasonably understood to require consideration of ability to pay. *United States v. Soltero*, 510 F.3d 858, 864–65 (9th Cir. 2007) (summarily reading such a requirement into a comparably-phrased condition of release).

The district court did not plainly err in imposing the condition that Tran not associate with a member of a gang. Tran argues that this condition should be modified to include an express knowledge requirement. This contention is foreclosed by *United States v. Vega*, 545 F.3d 743 (9th Cir. 2008), wherein we held that a *mens rea* requirement was necessarily implied in the sentencing condition. Likewise, given the implied *mens rea* requirement, there was no plain error in the district court's imposition of a condition that Tran not wear gang colors or insignia.

Given the fact that the government bears the burden of showing, by a preponderance of the evidence, a violation of a condition of release, the court did not plainly err in imposing a condition stating that there would be a presumption of participation in gang activities if Tran were found in the company of gang members or wearing gang clothing. That portion of the order does not alter the government's statutory burden under 18 U.S.C. § 3583(e)(3) and therefore did not affect Tran's substantial rights.

Given that there was no direct conflict between the judge's oral and written orders, the district court did not plainly err by not orally imposing three standard conditions of supervised release. *See United States v. Napier*, 463 F.3d 1040, 1042–43 (9th Cir. 2006) (holding that "standard, boilerplate conditions of supervised release" are "implicit in an oral sentence").

6

The district court did not plainly err when it ordered that Tran not associate with felons. This condition was reasonably related to rehabilitation and public safety. *Cf. United States v. Napulou* 593 F.3d 1041, 1045 (9th Cir 2010) (distinguishing a similar condition pertaining to misdemeanor offenders on the basis that it was not reasonably related to rehabilitation and public safety).

Tran's challenges to the conditions of supervised release restricting him from frequenting a gambling establishment are foreclosed by *United States v. Phillips*, 704 F.3d 754, 767–68 (9th Cir. 2012).

VII

The district court did not plainly err in imposing a $5,500 fine. The Sentencing Guidelines provide that "[t]he court shall impose a fine in all cases, except where the defendant establishes that he is unable to pay and is not likely to become able to pay any fine." U.S.S.G. § 5E1.2(a). The defendant bears the burden of proving indigence. *United States v. Robinson*, 20 F.3d 1030, 1033 (9th Cir. 1994). Even where a defendant proves indigence, the court may impose a fine if the defendant has the earning capacity to pay the fine in the future. *United States v. Orlando*, 553 F.3d 1235, 1240 (9th Cir. 2009).

Tran did not challenge the imposition of the fine in the district court, nor did he attempt in any way to satisfy his burden of proof to show an inability to pay,

7

coupled with a likelihood that he would have earning capacity in the future.  In discussing the fine, the court noted that it did not have much information, and imposed the lowest fine available under the Guideline.  The presentence report contained some information on Tran's ability to pay, but recommended that a fine be imposed.  Although it would have been preferable for the district court to make express findings, given Tran's failure to object or sustain his burden of proof, the district court did not plainly err in imposing the fine.

**AFFIRMED.**